**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. _____**

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,

      **Petitioner,**

vs.

KAREN DAVIES,

      **Respondent.**

**Civil Action No. 1:19-civ-24656-
KING/BECERRA
(case pending in S.D. Fla.)**

---

**ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Petitioner Armor Correctional Health Services, Inc. ("**Armor**"), by and through the undersigned counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure, respectfully moves the Court for an order compelling Respondent Karen Davies ("**Davies**") to produce documents and information in response to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* issued to and served upon her in *Armor Correctional Health Services, Inc. v. Bruce Teal*, No. 1:19-civ-24656-KING/BECERRA pending in the U.S. District Court for the Southern District of Florida (the "**Florida Action**"). In support of its motion, Armor states as follows:

1.      The Florida Action is a civil case currently pending in the U.S. District Court for the Southern District of Florida.

2.      In the Florida Action, Armor alleges, *inter alia*, that Defendant Bruce Teal ("**Teal**"), Armor's former CEO, stole its confidential, proprietary, and trade secret information and subsequently used that information in connection with his work at Corizon Health, Inc.

1

("**Corizon**"), Armor's direct competitor, in violation of, *inter alia*, post-employment restrictive covenants in his employment agreement with Armor.

3.      Davies also previously worked at Armor as its Senior Vice President of Operations. She now works at Corizon with Teal, serving as Corizon's Senior Vice President of Community Jails. Therefore, Davies is in a position to directly impact the competitive relationship between Armor and Corizon.

4.      Armor previously requested discovery from Davies in a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* served on Davies on July 8, 2020 (the "**July 2020 Subpoena**").

5.      Davies moved this Court to quash the July 2020 Subpoena in *Davies v. Armor Correctional Health Services Inc.*, Civil Action No. 3:20-MC-00106-RJC-DSC ("***Davies***"), on the basis that the July 2020 Subpoena was unduly burdensome. *Davies* ECF No. 1.

6.      On September 1, 2020, this Court granted Davies' motion to quash the July 2020 Subpoena, but the Court specifically provided that Armor would have the "right to serve an amended subpoena consistent with the proposal [Davies] made through her counsel's e-mail dated July 29, 2020." *Davies* ECF No. 14.

7.      Pursuant to the Court's guidance, Armor and Davies, through counsel, agreed on specific preservation and production protocols related to Armor's request for documents, and Armor served an amended subpoena on Davies, through her counsel, on October 22, 2020 (the "**October 2020 Subpoena**"), which is attached as Exhibit B to Armor's Brief in support of this Motion.

2

8.      The October 2020 Subpoena provides specific preservation and production protocols for Davies' response to the October 2020 Subpoena, as agreed upon by counsel for Davies and Armor.

9.      To date, Davies has not produced any documents in response to the October 2020 Subpoena. In an e-mail dated April 15, 2021, Davies' counsel indicated that, contrary to the protocol outlined in the October 2020 Subpoena, the forensic examiner would not proceed with its review of the documents identified as a result of the agreed upon search until Armor paid its outstanding invoices associated with the forensic examination.

10.     However, counsel for Armor had provided Davies' counsel with written assurance that Armor would be paying the fees (as required by the October 2020 Subpoena). And, nothing in the October 2020 Subpoena made performance under the October 2020 Subpoena dependent upon payment.

11.     Despite requests from Armor and approaching discovery deadlines in the Florida Action, as of the filing of this Motion, Davies has not provided projections of when she will produce documents in response to the October 2020 Subpoena and has not complied with the October 2020 Subpoena in the time provided.

12.     Davies has shown no adequate excuse not to obey the October 2020 Subpoena.

13.     To the extent counsel for Davies' e-mails regarding Armor's outstanding payment and Davies' refusal to perform under the October 2020 Subpoena are considered objections to the October 2020 Subpoena, pursuant to Rule 45(d)(2)(B)(i), the Court should compel Davies to comply with the October 2020 Subpoena and produce the requested documents in accordance with the agreed upon protocols.

57915528;2

14. **Local Rule 7.1(b) Certification**: Counsel for Armor has consulted with counsel for Davies via e-mail prior to filing this Motion, and the Parties were unable to reach an agreement.

**WHEREFORE**, for the reasons stated herein and in the contemporaneously filed brief in support of this motion, Armor respectfully requests the Court to enter an order compelling Respondent Karen Davies to produce documents and information in response to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* issued to and served upon her in *Armor Correctional Health Services, Inc. v. Bruce Teal*, No. 1:19-civ-24656-KING/BECERRA pending in the U.S. District Court for the Southern District of Florida, and produce the requested documents and information in accordance with the protocols provided.

AKERMAN LLP

Dated: April 27, 2021          /s/ Bryan G. Scott
                              Bryan G. Scott (N.C. Bar No. 32920)
                              100 North Main Street, Suite 2425
                              Winston-Salem, NC 27101
                              Telephone: (336) 296-7100
                              Facsimile: (336) 296-7010
                              bryan.scott@akerman.com

                              *Attorneys for Armor Correctional Health Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically filed the foregoing **ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to counsel of record as follows:

James C. Smith
Christopher R. Hampton
Nexsen Pruet, PLLC
227 W. Trade Street, Suite 1550
Charlotte, NC 28202
jsmith@nexsenpruet.com
champton@nexsenpruet.com

*Counsel for Karen Davies*


AKERMAN LLP

Dated: April 27, 2021          /s/ Bryan G. Scott
                              Bryan G. Scott (N.C. Bar No. 32920)
                              100 North Main Street, Suite 2425
                              Winston-Salem, NC 27101
                              Telephone: (336) 296-7100
                              Facsimile: (336) 296-7010
                              bryan.scott@akerman.com

*Attorneys for Armor Correctional Health Services, Inc*

5